LOUIS E. RINE, et al., Plaintiffs

v.

GRETCHEN H. LUTTRELL, et al., Defendants

Civil No. 869-79
Superior Court of Guam
May 7, 1980

- - - - -

ABBATE, Judge

## DECISION AND ORDER

This matter came on for hearing on April 4, 1980 to hear defendant, Gretchen Luttrell's, motion to quash service of summons by publication based on insufficiency of process. Plaintiff appeared through counsel Paul J. Rodgers, and defendant was represented by counsel E. R. Crain. Court ruled to reserve decision.

This court, upon review of all the records submitted herein, denies defendant's motion for the following reasons. Defendant bases her motion on the inconsistencies arising between the original summons mailed to her November 16, 1979 pursuant to the original complaint, and the summons she subsequently received December 31, 1979 mailed pursuant to plaintiff's amended complaint and order of the court for service by publication issued December 18, 1979. The Court bases its decision upon the sufficiency of the summons mailed in December pursuant to the order for publication. The court will not consider the sufficiency of the summons mailed November which was not directed by the court for publication.

Section 413 of the Code of Civil Procedure provides the time frame within which a defendant must respond to the summons served by order of publication, ". . . the service of the summons is complete at the expiration of the time prescribed by the order of publication." A defendant must respond prior to the expiration of the order. As indicated by the order of publication issued December 18, 1979, the court allowed a two

(2) months time frame for publication, therefore allowing defendant two (2) months to respond. For reasons unclear to the court, the original summons was altered by the clerk of the court by striking our "20" and interlineating above it the number "30" while leaving unaltered the word "twenty" (". . . twenty (20) 30 days . . ."), thus producing an obvious inconsistency and defect. Under Rule 61 of the Rules of Civil Procedure it is provided that "The Court at every stage of the preceding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Material prejudice to substantial rights rights of the party against whom process is issued seldom results from errors and defects in the process, and the doctrine of harmless error has been applied to such errors and defects. Southern Oil Corp. v. Waggoner, 276 F 487; Massachusetts Bonding and Ins. Co. v. Concrete Steel Bridge Co., 37 F2d 695. Under Rule 61 the Court finds harmless error in the sufficiency of the summons as altered by the court clerk.

Plaintiff contends that even if a defect were to exist in the summons, over 100 days have since elapsed and as yet defendant has not filed a response, thus inferring that any response now would be untimely. It would seem inequitable for this court to bind defendant to the two (2) month requirement for response when due in part to clerical error by the clerk the summons was served in a defective state. Therefore, defendant shall be allowed an additional period within which to file her answer in this case.

IT IS HEREBY ORDERED that defendant's motion to quash is DENIED, and that defendant file an answer herein with 30 days of this order.

SO ORDERED.